UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOSEPH ROTELLO and NINA ROTELLO,   )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )   No.:  3:03-CV-573
                                    )        (VARLAN/SHIRLEY)
CLAYTON HOMES OF DELAWARE, INC.,    )
VANDERBILT MORTGAGE & FINANCE,      )
INC., BERKSHIRE HATHAWAY, INC.,     )
CMH SERVICES, INC., CMH             )
MANUFACTURING, INC., CMH            )
INSURANCE AGENCY, INC., and         )
GEORGE SNYDER,                      )
                                    )
        Defendants.                 )

## MEMORANDUM OPINION

This civil action is before the Court for consideration of defendant Snyder's Motion to Dismiss [Doc. 23]. Defendant Snyder seeks dismissal of plaintiffs' claims against him based upon *res judicata* pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. On January 18, 2005, the Court heard oral argument on the instant motion, as well as a separate motion to dismiss filed by the other defendants in this case.[1] For the reasons discussed herein, defendant Snyder's motion to dismiss [Doc. 23] will be denied without prejudice to refile.

---

[1] Defendants Clayton Homes of Delaware, Inc., Vanderbilt Mortgage & Finance, Inc., Berkshire Hathaway, Inc., CMH Services, Inc., CMH Manufacturing, Inc., and CMH Insurance Agency, Inc. filed a Motion to Dismiss [Doc. 22] that the Court has addressed in another memorandum opinion and accompanying order.

## I. Relevant Facts

This case arises from plaintiffs' purchase of a manufactured home. According to plaintiffs, they entered into a purchase agreement with defendant Clayton Homes, Inc., which is owned by defendant Berkshire Hathaway, Inc., for a new 2001 model, but actually received a defective 2000 model manufactured by defendant CMH Manufacturing, Inc. [*See* Doc. 1]. Plaintiffs financed this purchase by entering into a security agreement with defendant Clayton Homes, Inc., which assigned all its rights under the security agreement to defendant Vanderbilt Mortgage & Finance, Inc. [*See* Doc. 26, Exh. A]. Once the defective home was delivered to plaintiffs' address, which apparently was located on real property owned by defendant George Snyder, it was improperly installed by defendant CMH Services, Inc. [*See* Doc. 1].

Over time, plaintiffs claim they complained about defects, but those defects were never repaired. [*See id.*]. At some point, plaintiffs discontinued payments required under the security agreement. [*See* Doc. 26 at 2]. Defendant Vanderbilt Mortgage & Finance filed an action to recover possession of the home in Sevier County General Sessions Court. [*See* Doc. 19]. In light of plaintiffs' default, the court ordered possession of the home delivered to defendant Vanderbilt Mortgage & Finance, Inc. [*See id*.]

On November 5, 2003, Plaintiffs filed a complaint [Doc. 1] with this Court alleging jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. [*See id.*]. Plaintiffs allege breach of contract, breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, violation of the Magnuson-Moss Warranty Act, violation of

the Tennessee Consumer Protection Act, fraud, suppression, punitive damages, retaliation, outrageous conduct, negligence, civil conspiracy, strict liability, and agency liability. [*See id.*].

In response to plaintiffs' complaint, defendant Snyder filed an Answer [Doc. 10] generally denying plaintiffs' allegations. Defendant Snyder has now filed the instant motion to dismiss [Doc. 23].

**II.   Analysis**

Defendant Snyder argues for dismissal on three grounds.[2] First, he argues that the Court lacks subject matter jurisdiction because *res judicata* precludes plaintiffs' claims; therefore, the action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Second, defendant Snyder argues that plaintiffs have failed to state a claim for which relief can be granted because plaintiffs' claims relate to a lawful eviction of plaintiffs from defendant Snyder's real property; therefore, the action must be dismissed pursuant to Fed. R. Civ. P 12(b)(6). Finally, defendant Snyder argues that the Court lacks supplemental jurisdiction over the claims against defendant Snyder because they are "pendant claim[s] which cannot be held in this [C]ourt[,] if the [C]ourt does not have jurisdiction over the alleged 'federal question;'" therefore, the action must be dismissed under Rule 12(b)(1).

---

[2] Defendant Snyder's grounds for his motion are contained within the motion itself. Defendant Snyder did not file a memorandum of law or other brief setting forth "a concise statement of the factual and legal grounds which justify the ruling sought from the Court." E.D.TN. LR 7.1(b).

3

Plaintiffs have not specifically responded to this motion.[3] In responding to a separate motion to dismiss filed by the other defendants in this case, plaintiffs argue that the Court has subject matter jurisdiction because *res judicata* does not apply to their claims. [*See* Doc. 25]. That argument is not responsive to defendant Snyder's motion for dismissal because the *res judicata* and subject matter jurisdiction grounds raised by defendant Snyder are rooted in a cause of action other than the possession action underlying the other defendants' arguments.[4]

"Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.TN. LR 7.2. Defendant Snyder's motion to dismiss was filed November 10, 2004. Plaintiffs' response was filed on December 14, 2004, and it contained no discussion of defendant Snyder's grounds for dismissal. Subsequently, the Court held oral argument on both motions to dismiss, as well as plaintiffs' motion for partial summary judgment, on January 18, 2005, and plaintiffs did not respond specifically to defendant Snyder's grounds for dismissal at that time. Since then, plaintiffs have expressed no opposition to defendant Snyder's grounds for dismissal. Thus, it appears plaintiffs have waived any opposition to defendant Snyder's motion for dismissal. Nonetheless, the Court will consider defendant Snyder's motion for dismissal.

---

[3] Although plaintiffs filed a response styled "Plaintiffs['] Response to Motions to Dismiss . . . ," the substance of that response only addresses arguments presented by the incorporated defendants. [*See* Doc. 25]. In fact, defendant Snyder is only mentioned in passing four times in plaintiffs' response. [*See id.* at 1, 15, 16, 19].

[4] Defendant Snyder allegedly filed an action for eviction in Sevier County General Sessions Court. [*See* Doc. 23]. Defendant Vanderbilt Mortgage & Finance, Inc. filed an action for possession of the manufactured home. [*See* Doc. 19]. Defendant Snyder was not a party to defendant Vanderbilt Mortgage & Finance's possessory action. [*See id.*].

4

A. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

As his first ground for dismissal, defendant Snyder argues, "This case has already been litigated between these parties in the General Sessions Court for Sevier County and is therefore *res judicata* pursuant to FRCP 12(b)(1)." [Doc. 23 (italics added)]. As the Court discussed at length in response to the incorporated defendants' motion for summary judgment, three related doctrines are implicated by such a jurisdiction argument. First, Rule 12(b)(1) requires that a plaintiff recite, and that the Court actually possess, jurisdiction over the subject matter of the action. *See* Fed. R. Civ. P. 12(b)(1). Second, the *Rooker-Feldman* doctrine provides that lower federal courts lack jurisdiction to review the final judgments of state courts. *See Hutcherson v. Lauderdale County*, 326 F.3d 747, 755 (6th Cir. 2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Third, *res judicata* provides that federal courts must give state court judgments the same effect as the rendering state court. *See* 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

In the present case, defendant Snyder does not argue that plaintiffs failed to properly recite the predicates necessary for the Court to exercise its subject matter jurisdiction. Therefore, the Court need not conduct a "facial attack" analysis. Likewise, defendant Snyder does not present any facts or allegations to support a *Rooker-Feldman* argument. Instead, he merely states that *res judicata* bars plaintiffs' claims against defendant Snyder.

5

To prevail on a *res judicata* defense,[5] the proponent must establish four elements: (1) the underlying judgment was rendered by a court of competent jurisdiction; (2) the same parties were involved in both suits; (3) the same cause of action was in both suits; and (4) the underlying judgment was on the merits. *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995) (citation omitted), *cited in Hutcherson*, 326 F.3d at 758. *See also Pile v. Pile*, 183 S.W. 1004 (Tenn. 1915).

In the present case, however, defendant Snyder does not establish any of these four elements. In his motion for dismissal, defendant Snyder merely alleges that "this case has already been litigated between these parties in the General Sessions Court for Sevier County . . . ." [Doc. 23]. Aside from that naked allegation, defendant Snyder does not offer facts to establish that the prior court had competent jurisdiction, that the same parties were involved in the prior suit, that the same causes of action were involved, or that the prior judgment was on the merits. As a consequence, the Court lacks facts sufficient to consider defendant Snyder's claim of *res judicata*.

B. Rule 12(b)(6) – Failure to State a Claim

Next, defendant Snyder seeks dismissal from this case on the ground that:

---

[5] Defendant Snyder raises *res judicata* in his motion to dismiss pursuant to Rule 12(b)(1). *Res judicata* is ordinarily raised as an affirmative defense pursuant to Fed. R. Civ. P. 8(c). It also may be considered by the Court when asserted in a motion. *See Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). In this case, the Court will address *res judicata* pursuant to defendant Snyder's motion to dismiss, although Rule 12(b)(1) is not the basis in the rules for a *res judicata* claim. *See* Fed. R. Civ. P 8(c).

> Pursuant to FRCP 12(b)(6) the Complaint fails to state a claim upon which relief can be granted as to this defendant as he simply owns the real estate on which this home was set up[,] and he lawfully evicted Plaintiff[]s on February 3, 2004. (See Sevier County General Sessions Court Docket # C0043342 George Snyder v. Joseph Rotello and Nina Rotello) further. [sic]

[Doc. 23]. Defendant Snyder seems to be arguing that plaintiffs' fail to state a claim for which relief can be granted because such claims were already the subject of an eviction action. The Court construes this argument to be a restatement of his *res judicata* argument, except that it is made pursuant to Fed. R. Civ. P. 12(b)(6) rather than Rule 12(b)(1). For the same reasons discussed earlier, the Court lacks sufficient facts to consider defendant Snyder's claims of *res judicata*.

C.  Rule 12(b)(1) – Lack of Supplemental Jurisdiction

Finally, defendant Snyder argues, "This [C]ourt does not have subject matter jurisdiction as the federal claim is governed by an arbitration provision, and the claim against George Snyder is a pendant claim which cannot be held in this [C]ourt if the [C]ourt does not have jurisdiction over the alleged 'federal question'." [Doc. 23]. The supplemental jurisdiction statute provides in relevant part:

> The district courts may decline to exercise supplemental jurisdiction over a claims under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In the present case, defendant Snyder assumes that the Court will dismiss all plaintiffs' federal claims because they are subject to an enforceable arbitration provision.

The Court more fully discussed the application of the arbitration provision to the parties and claims in this case in a memorandum opinion addressing the incorporated defendants' motion to dismiss. For the purposes of the instant motion, the Court need only summarize that discussion by stating that the arbitration provision at issue in this case is contained within a security agreement and is applicable to plaintiffs' claims, if any, against only defendant Vanderbilt Mortgage & Finance, Inc. Thus, the Court has not dismissed "all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). Therefore, defendant Snyder's motion to dismiss based upon lack of supplemental jurisdiction is not ripe for consideration by the Court.

## III. Conclusion

Defendant Snyder has filed a Motion to Dismiss [Doc. 23] based on *res judicata* pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) and lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Plaintiffs failed to respond to defendant Snyder's motion. With respect to *res judicata*, the Court lacks an adequate record from which to determine whether *res judicata* bars plaintiffs' claims against defendant Snyder. With respect to supplemental jurisdiction, because the Court has not dismissed all claims over which it has original jurisdiction, defendant Snyder's motion on that ground is not ripe for

consideration by the Court. Consequently, defendant Snyder's motion to dismiss [Doc. 23] will be denied without prejudice to refile.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE