UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| JOSEPH and NINA ROTELLO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:03-CV-573 |
| | ) | (VARLAN/SHIRLEY) |
| CLAYTON HOMES OF DELAWARE, INC., | ) | |
| BERKSHIRE HATHAWAY INC., | ) | |
| CMH SERVICES, INC., | ) | |
| CMH MANUFACTURING, INC., | ) | |
| CMH HOMES, INC., CMH INSURANCE | ) | |
| AGENCY, INC., and GEORGE SNYDER, | ) | |
| | ) | |
| Defendants. | ) | |


## MEMORANDUM & ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of

this Court, and by Order [Docs. 67, 71, 80, 82] of the Honorable Thomas A. Varlan, United States

District Judge, for disposition of several non-dispositive pretrial motions. The undersigned

conducted a hearing on these motions on March 2, 2006. Present on behalf of the plaintiffs was

attorney George Underwood. Present on behalf of the defendants was attorney Timothy McConnell.

## I.     Plaintiffs' Motion Quash Subpoena Duces Tecum for Computer

The plaintiffs move to quash a subpoena *duces tecum*, which seeks the production

of the hard drives of the plaintiffs' computers. [Doc. 66]. For grounds, the plaintiffs argue that such

discovery is not reasonably calculated to lead to the discovery of admissible evidence; that the

subpoena subjects the plaintiffs to an undue burden; and that the subpoena requires disclosure of privileged and confidential material.

The defendants oppose the plaintiffs' motion, arguing that the plaintiffs have placed the contents of their computer hard drives at issue in this litigation and that the plaintiffs' claims of privilege are without merit. [Doc. 74].

The parties to a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The Rule further provides that information that is relevant "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The Court finds that the discovery sought is neither relevant to any claim or defense currently pending in this litigation, nor is their request reasonably calculated to lead to the discovery of admissible evidence. The plaintiffs' attorney proffered at the hearing that the plaintiffs were not making any claims or seeking any damages in this lawsuit related to the computers at issue. Accordingly, the Plaintiffs' Motion to Quash Subpoena Duces Tecum for Computer [Doc. 66] is **GRANTED**.

II.     **Defendant Clayton Homes, Inc.'s Motion for Protective Order and to Quash**

The defendant Clayton Homes, Inc. moves for a protective order and to quash a notice of deposition and subpoena *duces tecum* issued to Kevin T. Clayton, President and Chief Executive Officer of Clayton Homes, Inc. [Doc. 68]. For grounds, the defendant argues that the plaintiffs' attempt to depose Mr. Clayton is solely designed to harass the defendant and that Mr. Clayton has no personal knowledge of the facts giving rise to this litigation. The defendant seeks an award of costs and expenses associated with the filing of this motion.

The plaintiffs oppose the defendant's motion, arguing that deposing Mr. Clayton is a reasonable and efficient means to discover the relationships between the various defendants. [Doc. 76].

Although the plaintiffs issued a Rule 30(b)(6) deposition notice, the plaintiffs designated which representative of the defendant would testify. This is contrary to the rule. See Rule 30(b)(6) ("the organization so named shall designate one or more officers, directors, or managing agents . . . to testify on its behalf"). Furthermore, it does not appear that Kevin Clayton is the appropriate person to testify as a Rule 30(b)(6) witness with respect to the issues stated in the plaintiffs' notice. Accordingly, for good cause shown, the Defendant Clayton Homes, Inc.'s Motion for Protective Order and to Quash Notice of Deposition and Subpoena Duces Tecum Issued to Kevin T. Clayton [Doc. 68] is **GRANTED** to the extent that the plaintiffs shall be precluded at this time from deposing Mr. Clayton. The defendant shall be required to produce a 30(b)(6) witness for deposition, subject to the limitations discussed later in this opinion. The defendant's request for an award of costs and expenses [Doc. 68] is **DENIED**.

III. **Motion for Protective Order of Defendants Berkshire Hathaway Inc. and CMH Insurance Agency, Inc.**

The defendants Berkshire Hathaway Inc. ("Berkshire Hathaway") and CMH Insurance Agency, Inc. ("CMH Insurance") move for the entry of a protective order staying discovery with respect to these defendants pending a ruling by the District Court on Defendants' Motion for Judgment on the Pleadings. [Doc. 70]. At the hearing, the plaintiffs advised the Court that they did not oppose such a stay.

Accordingly, for good cause shown, the Motion for Protective Order of Defendants Berkshire Hathaway Inc. and CMH Insurance Agency, Inc. [Doc. 70] is **GRANTED**. Should the

District Court not rule on the Motion for Judgment on the Pleadings until after the expiration of the discovery deadline, the plaintiffs shall have leave to move for an extension of time to conduct discovery with respect to Berkshire Hathaway and CMH Insurance.

## IV.     Defendants' Motion for Protective Order and to Quash Portions of 30(b)(6) Notice

The defendants Clayton Homes, Inc. f/k/a Clayton Homes of Delaware, Inc., CMH Services, Inc. and CMH Manufacturing, Inc. (the "Clayton Defendants") move for a protective order and to quash certain portions of the Rule 30(b)(6) deposition notice and subpoena *duces tecum* filed by the plaintiffs. The Clayton Defendants further seek a protective order precluding the plaintiffs from discovering any of the defendants' confidential corporate information that is not relevant to this action and for an order staying discovery as to any financial information unless and until such time as the defendants' liability has been determined. [Doc. 73].

The plaintiffs oppose the defendants' motion, arguing that the 30(b)(6) deposition should not be so limited. The plaintiffs further argue that any concerns about confidential information can be reasonably addressed by the execution of an agreed protective order. [Doc. 76].

The plaintiffs' 30(b)(6) Notice seeks information regarding the "relationships between the Clayton entities and Berkshire Hathaway including their legal identities, the officers of each corporation, the board members of each . . . the operating by-laws of each, shareholders' interests, financial condition, financial affairs and net worth of each." The Court will limit the plaintiffs' request to information regarding the structure of the defendant corporations and the commonality of their board members and officers. The plaintiffs shall not be permitted at this time to inquire into the defendants' financial conditions, financial affairs or net worth. Furthermore, as the plaintiffs have already been provided information regarding the relationships between the

4

defendant corporations, the plaintiffs shall not be permitted to pursue this area of inquiry during the deposition.

Next, the plaintiffs' 30(b)(6) Notice seeks information regarding Berkshire Hathaway, Inc. The Court has granted the defendants' request for a stay of discovery with respect to this defendant. Accordingly, the plaintiffs shall not permitted to pursue this area of inquiry at this time.

The plaintiffs also seek testimony "as to how many lawsuits containing an allegation of fraud have been brought against each Clayton entity since the year 2000" and request that the Clayton Defendants "identify the plaintiffs, the jurisdictions, the docket numbers and the outcomes." The Court finds this request to be overbroad and therefore shall limit the plaintiffs' request to the following:

> (1) any claims or lawsuits alleging fraud related to sales by the defendants in East Tennessee (which shall be defined as the area encompassing the Eastern District of Tennessee) from April 23, 1999 to April 23, 2001;
>
> (2) any claims or lawsuits alleging fraud related to manufacturing against the defendants in the State of Tennessee from April 23, 1999 to April 23, 2001; and
>
> (3) any claims or lawsuits alleging that the defendants sold a used mobile home but represented it as new anywhere in the United States from April 23, 1999 to April 23, 2001.

The parties have agreed that the defendants will produce this information on or before **March 10, 2006**.

Next, the plaintiffs seek information relating to a former defendant in this matter, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt Mortgage"), as well as the arbitration provision contained in the Retail Installment Contract. The Court finds that the plaintiffs requests, as set forth

5

in paragraphs 10 and 11 of the Deposition Notice, are overly broad and do not seek information that is either relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. The District Court has dismissed Vanderbilt Mortgage from this action and has ruled on the arbitration issue as to the remaining defendants. Accordingly, the plaintiffs shall not be permitted to inquire about Vanderbilt Mortgage or the arbitration provision contained in the Retail Installment Contract. The plaintiffs shall be permitted to inquire about the training of the sales and managerial staffs, as referenced in paragraph 11.

The plaintiffs further seek information from the personnel files of every individual "directly involved" in the transaction with the plaintiffs. At the hearing, the plaintiff agreed to limit this request to documents regarding any "employment actions" taken against salesperson Colleen Meyerhoffer. The defendants may produce these documents subject to a protective order.

Finally, with respect to the plaintiffs' request for documents and information regarding the Clayton Defendants' financial condition and net worth, the Court finds that such a request is related solely to the issue of punitive damages and therefore is premature at this time. The plaintiffs may renew their request for such information once the Court has ruled on the defendants' motions to dismiss or for summary judgment.

For the foregoing reasons, Defendants' Motion for Protective Order and to Quash Certain Portions of Plaintiffs' Rule 30(b)(6) Deposition Notice [Doc. 73] is **GRANTED IN PART** and **DENIED IN PART**.

## V.     Plaintiffs' Request for Additional Time

The plaintiffs move for additional time to file their interrogatory responses. [Doc. 79].

For good cause shown, the Plaintiffs' Request for Additional Time to File Interrogatory Responses

[Doc. 79] is **GRANTED**.  The parties agreed that the plaintiffs will serve their interrogatory

responses on or before **March 13, 2006**.

## VI.     Plaintiffs' Motion to Compel Defendant Snyder and for Sanctions

The plaintiffs filed a motion, seeking to compel defendant George Snyder to produce

his initial disclosures and for the Court to award sanctions.  [Doc. 75].  The plaintiffs now move to

withdraw this motion. [Doc. 81].  For good cause shown, the Plaintiffs' Motion to Withdraw Motion

to Compel Defendant Snyder and for Sanctions Pursuant to FRCP 37 [Doc. 81] is **GRANTED**.  The

Plaintiffs' Motion to Compel Defendant Snyder and for Sanction Pursuant to FRCP 37 [Doc. 75]

shall be deemed withdrawn and is therefore **DENIED AS MOOT**.

## VII.     Plaintiffs' Motion to Compel Clayton Defendants and for Sanctions

The plaintiffs move for an order compelling the Clayton Defendants to produce the

audio tape recording of the Rotello-Clayton closing and for an award of sanctions. [Doc. 78].

The defendants oppose the plaintiffs' motion, arguing that they have been unable to

confirm whether such an audio tape even exists.  The defendants further argue that there is no

discovery request pending to the proper party regarding this issue, and that they have informed the

plaintiffs that the audio tape will be produced if they can confirm that one was made and if it is

located. [Doc. 84].

For good cause shown, the Plaintiffs' Motion to Compel Defendants Clayton et al

and for Sanctions Pursuant to FRCP 37 [Doc. 78] is **GRANTED** to the extent that the defendants

are hereby **ORDERED** to produce the audio tape of the Rotello-Clayton closing, assuming that it exists and can be found.  If the defendants, after expending reasonable efforts, cannot locate the audio tape, the defendants shall advise the plaintiffs by **March 17, 2006**: (1) whether the tape in fact ever existed and (2) what happened to the audio tape, to the best of defendants' knowledge.  The defendants shall further advise the plaintiffs by **March 17, 2006** of the identity of the person who conducted the Rotello-Clayton closing.

Finally, the Court reminds the parties that should discovery disputes arise in the future, they are required to follow the three-step discovery dispute resolution process as set forth in paragraph 4(i)(1) of the Amended Scheduling Order. [Doc. 58].

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge