UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH ROTELLO and NINA ROTELLO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:03-CV-573 |
| ) | (VARLAN/SHIRLEY) |
| CLAYTON HOMES OF DELAWARE, INC., ) | |
| BERKSHIRE HATHAWAY, INC., ) | |
| CMH SERVICES, INC., CMH ) | |
| MANUFACTURING, INC., CMH ) | |
| INSURANCE AGENCY, INC., and ) | |
| GEORGE SNYDER, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM & ORDER**

This civil action is before the Court for consideration of incorporated defendants' motion to bifurcate [Doc. 72] the trial of this case pursuant to Fed. R. Civ. P. 42(b). Incorporated defendants argue that "admission of evidence concerning the amount of punitive damages the jury might award in this matter would be unfairly prejudicial to the [] defendants if permitted during the liability and compensatory damages part of the trial." [Doc. 72 at 1]. Plaintiffs respond in opposition to the motion, arguing that trying the issues together is more efficient and defendants have failed to carry their burden on the issue of unfair prejudice. [*See* Doc. 77].

Rule 42(b) provides the Court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate

trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue . . . ." The decision to order separate trials is a matter "within the sound discretion of the trial judge." *In re Beverly Hills Fire Littig.*, 695 F.2d 207, 216 (6th Cir. 1982). In determining whether separate trials is appropriate, the Court must consider several factors, including "the potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *Id.* "Only one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

Although the question of bifurcation is a matter of federal law, *see* Fed. R. Civ. P. 42(b), the substantive law of the punitive damages at issue in this case is a matter of state law. *See Cappello v. Duncan Aircraft Sales of Fla., Inc.*, 79 F.3d 1465, 1474 (6th Cir. 1996). The Tennessee Supreme Court has held that where punitive damages are sought, a trial court must bifurcate the trial, and during the first phase, the finder of fact should determine liability for and the amount of compensatory damages, but only determine liability for punitive damages. *See Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992). If the finder of fact finds a defendant liable for punitive damages during the first phase, it should proceed to a second phase where it must determine the liability for the amount of punitive damages. *Id*. During the first phase, where liability is at issue, "evidence of a defendant's financial affairs, financial condition, or net worth is not admissible." *Id*.

In the present case, the Court finds that a single trial including both liability for and amount of punitive damages would be unduly prejudicial to incorporated defendants and

2

potentially confusing to the jury. *See Saxion*, 86 F.3d at 556; *In re Beverly Hills Fire Littig.*, 695 F.2d at 216.

Accordingly, the Court hereby **BIFURCATES** the trial of this cause; and during the first phase, when the finder of fact will consider liability for and amount of compensatory damages as well as liability for punitive damages, evidence of incorporated defendants' financial affairs, financial condition, or net worth shall not be admitted into evidence. Should the finder of fact conclude that one or more incorporated defendants are liable for punitive damages during the first phase, the Court will proceed to the second phase, where the finder of fact shall determine the amount of punitive damages for which one or more incorporated defendants are liable.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE