UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH ROTELLO and NINA ROTELLO, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No.: | 3:03-CV-573 |
| ) | | (VARLAN/SHIRLEY) |
| CLAYTON HOMES OF DELAWARE, INC., ) | | |
| BERKSHIRE HATHAWAY, INC., ) | | |
| CMH SERVICES, INC., CMH ) | | |
| MANUFACTURING, INC., CMH ) | | |
| INSURANCE AGENCY, INC., and ) | | |
| GEORGE SNYDER, ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION

This civil action is before the Court on a Motion for Judgment on the Pleadings [Doc. 60] filed jointly by defendants Clayton Homes of Delaware, Inc., Berkshire Hathaway, Inc., CMH Services, Inc., CMH Manufacturing, Inc., and CMH Insurance Agency, Inc. (collectively "Incorporated Defendants"). Plaintiffs have filed a response in opposition to the motion [Doc. 62] and incorporated defendants have filed a reply [Doc. 63].

The Court has carefully considered the parties' briefs [Docs. 61, 62, 63] and the pleadings [Docs. 1, 59] in light of the relevant law. For the reasons set forth herein, incorporated defendants' motion for judgment on the pleadings will be granted in part and denied in part.

**I.      Relevant Facts**

This case arises from plaintiffs' purchase of a manufactured home. According to plaintiffs, on or about April 23, 2001, they entered into a purchase agreement with defendant Clayton Homes, Inc., which is owned by defendant Berkshire Hathaway, Inc., for a new 2001 model manufactured home. [Doc. 1 at ¶ 10.] Plaintiffs claim, however, that they actually received a defective 2000 model manufactured by defendant CMH Manufacturing, Inc. [*Id.*] Once the defective home was delivered to plaintiffs' address, which was apparently located on real property owned by defendant George Snyder, [*Id.* at ¶ 62], it was improperly installed by defendant CMH Services, Inc. [*Id.* at ¶ 12.] Over time, plaintiffs claim they complained about defects, but those defects were never repaired.[1] [*Id.* at ¶ 15.]

On November 5, 2003, Plaintiffs filed a complaint [Doc. 1] with this Court alleging jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. [*Id.* at ¶¶ 2-3. ] Plaintiffs allege breach of contract, breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, violation of the Magnuson-Moss Warranty Act, violation of the Tennessee Consumer Protection Act, fraud, suppression, punitive damages, retaliation, outrageous conduct, negligence, civil conspiracy, strict liability, and agency liability.

Incorporated defendants have filed a motion for judgment on the pleadings pursuant to F. R. Civ. P. 12(c) [Doc. 60]. Plaintiffs filed a response opposing the motion [Doc. 62].

---

[1] It is not apparent from plaintiffs' complaint which of the claims alleged pertain to defendant CMH Insurance Agency, Inc.

## II. Analysis

### A. Standard of Review

Defendant has moved to dismiss the plaintiffs' claims pursuant to Fed. R. Civ. P. 12(c). The Court reviews a motion for judgment under Rule 12(c) in the same way that it reviews a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 761 (6th Cir. 2006). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, "the essential elements of a plaintiff's claim must be alleged in more than vague and conclusory terms" if such a claim is to survive a Rule 12(b)(6) motion. *NicSand, Inc. v. 3M Co.,* 457 F.3d 534, 541 (6th Cir. 2006) (internal citations removed). A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). Consequently, a complaint will not be dismissed pursuant to Rule

12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

The Court will first address plaintiffs' claims that will be dismissed and will then address the remaining claims.

B. Common Law Suppression

Incorporated defendants argue that plaintiffs' claim of common law suppression should be dismissed because no such claim exists under Tennessee law. [Doc. 61 at 12-13.] Plaintiffs claim that Tennessee courts have recognized such a cause of action and cites two cases from the 19th century in support of that contention. [Doc. 62 at 10-11.]

Suppression can be the foundation for tort claims under Tennessee law. *See, e.g. Greene v. Brown & Williamson Tobacco Corp.,* 72 F. Supp. 2d 882, 893 (W.D.Tenn. 1999) (where the defendant cigarette manufacturer's suppression of research regarding the danger of cigarettes was one component of the plaintiff's sufficiently-pleaded claim of civil conspiracy). However, suppression is not a free-standing cause of action under Tennessee law. Both of the cases cited by plaintiffs in their response brief support this conclusion, given that in each case, the court determined that suppression was an element of a claim for fraud. *George v. Johnson*, 1845 WL 1843 at *1 (Tenn. 1845) (noting that "the consequences of the fraud [were] produced by the suppression of truth"); *Herdon v. Lewis*, 36 S.W. 953, 957 (Tenn. Ct. App. 1896) (holding that "there must be some suppression of fact" for the plaintiff to make out a claim of fraudulent concealment). Accordingly, plaintiffs' claim of common law suppression will be dismissed.

C. <u>Punitive Damages</u>

Incorporated defendants argue that plaintiffs' punitive damages claim is not an independent cause of action under Tennessee law and therefore cannot be recognized as a separate count in plaintiffs' complaint. [Doc. 61 at 13.] Alternatively, incorporated defendants argue that plaintiffs have failed to allege facts that support a punitive damages award from incorporated defendants. [*Id.*] Plaintiffs do not directly address either of these arguments, but instead claim that "Defendants are trying to backdoor and undo previous rulings already made by this court in this case regarding the fraud claims." [Doc. 62 at 5.]

The Court notes that while incorporated defendants' assertion that "there is no cause of action for punitive damages in Tennessee" is misleading and over-broad as phrased,[2] [Doc. 61 at 13], incorporated defendants are correct in the sense that plaintiffs need only request punitive damage as part of their complaint; it need not be pleaded as a specific count. Therefore, plaintiffs' cause of action for punitive damages will be dismissed inasmuch as such a claim is not appropriately asserted as an independent count in a complaint. This ruling does not, of course, bar plaintiffs from seeking punitive damages in this case, but whether plaintiffs ultimately will be successful in proving punitive damages is not a matter for the Court to determine under incorporated defendants' present motion.

---

[2]Incorporated defendants cite *Oakley v. Simmons*, 700 S.W.2d 669, 672 (Tenn. Ct. App. 1990) for the proposition that there is no cause of action for punitive damages in Tennessee. [Doc. 61 at 13]. However, what the court in *Oakley* actually stated is that there is "no cause of action for punitive damages alone." 700 S.W. 2d at 672. In other words, a plaintiff cannot be awarded punitive damages when no actual damages have been sustained or suffered. *Id.*

D.  Retaliation

Incorporated defendants argue that plaintiffs cannot allege a claim of retaliation without articulating "under what Constitutional or statutory basis they seek protection for their 'complaining.'" [Doc. 61 at 10.]  Plaintiffs address this argument in a catch-all paragraph entitled "All Remaining assertions of Defendants," and in it, request that the retaliation claim "be Denied under 12c, or discovery allowed." [Doc. 62 at 11.]

What incorporated defendants suggest, but do not directly assert, is that under Tennessee law, retaliation is only actionable in the employment context. *See, e.g., Crews v. Buckman Laboratories Int'l., Inc.*, 78 S.W.3d 852, 862 (Tenn. 2002) (stating that to make out a claim for retaliation under Tennessee law, the first requirement is that "an employment-at-will relationship existed between the parties").  As this case does not arise out of an employment context, plaintiffs' retaliation claim will be dismissed.

E.  Outrageous Conduct

Incorporated defendants argue that plaintiffs cannot maintain their claim of outrageous conduct because they have only made the general allegations that "'Defendants [sic] conduct ...constituted outrageous conduct in violation of Tennessee law.'" [Doc. 61 at 6.] Again, plaintiffs address this argument in a catch-all paragraph entitled "All Remaining assertions of Defendants," and in it, request that the outrageous conduct claim "be Denied under 12c, or discovery allowed." [Doc. 62 at 11.]

As incorporated defendants correctly note, the tort of outrageous conduct is the same as the tort of intentional infliction of emotional distress. *Doe 1 ex re. Doe 1 v. Roman*

*Catholic Diocese of Nashville*, 154 S.W.3d 22, 31 (Tenn. 2005). The elements of each are: (1) that the conduct complained of must be intentional or reckless; (2) it must be so outrageous that it is not tolerated by a civilized society; and (3) it must result in serious mental injury. *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2001). Tennessee courts have found claims for outrageous conduct actionable only in circumstances that are extreme. *See, e.g., Dunn v. Moto Photo, Inc.*, 828 S.W.2d 747, 749 (Tenn. Ct. App. 1999) (photographs showing plaintiff in intimate poses and a state of partial undress were taken to be developed; developer kept one of the photos in a book and showed it to, and even loaned it to, other persons); *Johnson v. Woman's Hospital*, 527 S.W.2d 133, 135-36 (Tenn. Ct. App. 1975) (plaintiff's baby died at birth and she assumed hospital would properly dispose of the child's body; six weeks later, hospital personnel showed her the preserved body of the child, floating in a jar of formaldehyde).

Plaintiffs' bare allegation that "Defendants [sic] conduct...constituted outrageous conduct in violation of Tennessee law" [Doc. 1 at ¶ 61] is far too conclusory and devoid of facts to make out a claim for outrageous conduct. Plaintiffs may ultimately prove that some or all of defendants committed any of the other remaining claims in this case. However, even when the factual allegations in plaintiffs' complaint are taken as true, those allegations fail to meet the very high standard required to establish a cause of action for outrageous conduct in Tennessee. Accordingly, plaintiffs' claim of outrageous conduct will be dismissed.

F. <u>Agency Doctrine Liability</u>

Incorporated defendants argue that agency doctrine liability is not a cause of action under Tennessee law. [Doc. 61 at 14-15.] Plaintiffs do not address this argument in their response.

Incorporated defendants are correct that there is no cause of action for agency liability in Tennessee. Agency liability is a means by which a principle may be vicariously liable for an agent's tortious conduct. *See, e.g., Jones v. Federated Financial Reserve Corp.,* 144 F.3d 961, 965 (6th Cir. 1998). It is not an independent cause of action. Accordingly, plaintiffs' agency doctrine liability claim will be dismissed.

G. <u>Remaining Claims</u>

The Court will now address the remaining ten claims that have not yet been dismissed in this case: plaintiffs' claims of breach of contract, breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, violation of the Magnuson-Moss Warranty Act, violation of the Tennessee Consumer Protection Act, civil conspiracy, fraud, negligence, and strict liability. Incorporated defendants argue that all of plaintiffs' claims fail to satisfy the basic pleading requirements of F. R. Civ. P. 8(a) in that plaintiffs' complaint does not sufficiently articulate which defendant is alleged to have committed which specific wrong described in the complaint. [Doc. 61 at 3-4.] Because of this failure, incorporated defendants contend that plaintiffs' claims should be dismissed. Plaintiffs do not directly respond to this argument, but instead request that the Court consider

"other documents in the record that have been filed during the course of this litigation" in determining the outcome of the present motion. [Doc. 62 at 5.]

Plaintiffs are incorrect in insisting that the Court consider other documents that are not a part of the complaint or answer to determine the disposition of incorporated defendants' motion for judgment on the pleadings. In assessing such a motion, a court can only consider the complaint, answer, and any written instruments which are attached as exhibits to those pleadings. *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 603 (6th Cir. 2005). Considering plaintiffs' complaint as it currently stands, the Court agrees with incorporated defendants that it is difficult to determine from the complaint which defendants did what acts to plaintiffs. The complaint consistently refers only to "defendants," thereby implying that each of the six defendants was involved with each and every allegation plaintiffs mount. While F. R. Civ. P. 8(a)(2) only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," how thorough that statement needs to be depends upon the nature of the case. Specifically, where a complaint involves multiple parties and multiple claims, each claim should make it clear which defendants are alleged to have committed which wrongs. *See Babb v. Bridgestone/Firestone*, 861 F. Supp. 50, 53 (M.D.Tenn. 1993). If it is "impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred," such a complaint fails to state a claim upon which relief can be granted. *Mountain View Pharmacy v. Abbot Labs.,* 630 F.2d 1381, 1386-87 (10th Cir. 1980).

Despite the infirmities of plaintiffs' complaint, the Court is unable to conclude that the facts alleged by plaintiffs are insufficient to state claims for the causes of action remaining in this case. Nonetheless, given the blanket approach of various portions of plaintiffs' complaint, the Court will direct plaintiffs to file an amended complaint that both: (1) specifies which defendants were involved with each particular claim alleged, and (2) pleads with particularly per F. R. Civ. P. 9(b) as necessary.

## III. Conclusion

For the reasons stated herein, incorporated defendants' motion for judgment on the pleadings [Doc. 60] will be **GRANTED** as to plaintiffs' claims of common law suppression, punitive damages, retaliation, outrageous conduct, and agency doctrine liability. As a result, those claims will be dismissed with prejudice. Incorporated defendants' motion for judgment on the pleadings will be **DENIED** as to plaintiffs' claims of breach of contract, breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, violation of the Magnuson-Moss Warranty Act, violation of the Tennessee Consumer Protection Act, civil conspiracy, fraud, negligence, and strict liability. Plaintiffs are **DIRECTED** to file an amended complaint meeting the requirements of the Federal Rules of Civil Procedure as to those remaining claims within twenty (20) days of the entry of this order.

As a result, incorporated defendants' Request for Leave to Present Oral Argument on Motion for Judgment on the Pleadings [Doc. 64] is **DENIED as moot.**

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE