UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH ROTELLO and NINA ROTELLO, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No.: | 3:03-CV-573 |
| ) | | (VARLAN/SHIRLEY) |
| CLAYTON HOMES OF DELAWARE, INC., ) | | |
| BERKSHIRE HATHAWAY, INC., ) | | |
| CMH SERVICES, INC., CMH ) | | |
| MANUFACTURING, INC., CMH HOMES, ) | | |
| INC., CMH INSURANCE AGENCY, INC., ) | | |
| and GEORGE SNYDER, ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Motion to Strike Portions of the Affidavit of Bill J. White [Doc. 138] filed by defendants CMH Manufacturing, Inc. and CMH Homes, Inc. (the "corporate defendants").[1] Corporate defendants argue that portions of the affidavit of plaintiffs' expert, Bill J. White, filed on December 5, 2006 should be struck on the grounds that those portions violate Fed. R. Civ. P. 26 and Fed. R. Evid. 704. Plaintiffs have filed a response in opposition to the pending motion [Doc. 142] and therefore, this matter is ripe for adjudication.

---

[1] As originally filed, the motion to strike included defendants Clayton Homes of Delaware, Inc., Berkshire Hathaway, Inc., CMH Services, Inc., and CMH Insurance Agency, Inc. However, those parties were dismissed from this case by an oral ruling of the Court on January 8, 2007.

First, corporate defendants note that, pursuant to an agreed order of this Court entered on October 20, 2006 [Doc. 116], all disclosure of expert testimony in this case was to be made by the parties on or before November 14, 2006. By that time, plaintiffs had submitted an inspection report from Mr. White which had been prepared on October 23, 2003. Then, on December 5, 2006, plaintiffs filed an additional affidavit of Mr. White as an exhibit to their response in opposition to corporate defendants' motion for summary judgment. Corporate defendants contend that this affidavit contains new opinions and information not found in Mr. White's October 2003 report and argue that those portions of the affidavit violate Fed. R. Civ. P. 26(a)(2). [Doc. 139 at 6-7.] Corporate defendants further argue that the allegedly new information in Mr. White's affidavit should be struck pursuant to Fed. R. Civ. P. 37(c)(1) on the grounds that plaintiffs have no justification for violating Fed. R. Civ. P. 26(a)(2) in this way and that their failure to abide by that rule is prejudicial to corporate defendants. [*Id.* at 9-10.]

Corporate defendants also argue that portions of Mr. White's affidavit present "legal conclusions in the guise of expert opinions" [*Id.* at 12] and thereby violate Fed. R. Evid. 704(a)'s prohibition against the presentation of legal conclusions or opinions by expert witnesses. [*Id.* at 12-13.] Because these parts of Mr. White's affidavit "do more than embrace an ultimate issue of the case as allowed by Rule 704 of the Federal Rules of Evidence," corporate defendants argue that those portions should be struck. [*Id.* at 13.]

In response, plaintiffs admit that Mr. White's affidavit contains analysis of "additional data and information that had been acquired over the course of discovery," [Doc. 142 at 5],

2

but argue that "any information the corporate defendants claim was not timely disclosed is harmless and was partially if not fully their own making." [Doc. 142 at 7.] Plaintiffs point out that corporate defendants did not file a report from their own expert until the discovery deadline and claim that Mr. White's affidavit includes new analysis of this information because "it was impossible for Plaintiffs' expert (in 2003) to analyze and opine on the corporate defendants' expert analysis and opinion before November 14, 2006...." [*Id.*] As to the alleged evidentiary deficiencies of Mr. White's affidavit, plaintiffs contend that "[a]lthough the corporate defendants take issue with Mr. White's opinions embracing ultimate issues in this case, such is allowed." [*Id.* at 6.]

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure provides that expert disclosures "shall be made at the time and in the sequence directed by the Court." Based upon the agreed order filed with the Court on October 20, 2006 [Doc. 116], all expert disclosures in this case were due by November 14, 2006, thereby requiring plaintiffs to file "all opinions to be expressed and the basis and reasons therefor" of Mr. White by that date. FED. R. CIV. P. 26(a)(2)(B). Plaintiffs admit that Mr. White's affidavit contains new information submitted after the expiration of the expert testimony disclosure deadline in this case. [Doc. 142 at 5.] However, the Court finds that plaintiffs have presented sufficient justification for their failure to disclose this information earlier and that this failure is harmless, thereby making imposition of sanctions under Fed. R. Civ. P. 37(c) inappropriate in this instance. Furthermore, the Court is not convinced that Mr. White's affidavit violates

3

Fed. R. Evid. 704. Accordingly, out of an abundance of caution, corporate defendants' Motion to Strike Portions of the Affidavit of Bill J. White [Doc. 138] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE